THOMAS H. McKAIG, Plaintiff, *v.* MILDRED W. McKAIG, Defendant.

Supreme Court, Erie County, January 22, 1935.

*George B. Doyle,* for the plaintiff.

*Maloney, Lane & Stengel* [*John F. Lane* of counsel], for the defendant.

HORTON, J. The action is in ejectment. The complaint sets out ownership in fee by the plaintiff of the premises in question, and alleges that " the defendant unlawfully and without permission from the plaintiff has entered upon said premises and is now in the possession thereof, although plaintiff duly notified her to vacate said premises, by serving upon her a written notice to vacate." This notice was directed to the defendant as follows: " Take Notice, that I hereby terminate your tenancy of premises known as 300 East Quaker St., Orchard Park, N. Y., and require you to remove therefrom on or before the 22nd day of September, 1934. Dated August 18, 1934," and signed by the agent of the plaintiff.

The answer admits ownership in plaintiff but denies everything else in the complaint and sets out the affirmative defense that the parties since September 15, 1915, have been husband and wife; that the defendant occupies the premises as the wife of the plaintiff " having been placed in occupancy by said plaintiff as his wife, and has ever since and still continues in possession of the premises as the wife of the plaintiff; that the plaintiff voluntarily departed from the premises * * * and has never been excluded from the possession thereof by this defendant; that thereafter, plaintiff instituted an action in * * * Nevada * * * for an absolute divorce from this defendant; that the said defendant did not appear therein or submit herself to the jurisdiction of the courts of Nevada, and plaintiff and defendant have, at all times since September 15, 1915, been man and wife, and plaintiff is under the duty of supporting defendant and furnishing her with a suitable place to live."

The motion for judgment must be decided upon the pleadings as the affidavit above referred to contains no additional facts bearing upon the merits of the controversy. Defendant's answer raises an issue as to unlawful entry and possession of the premises, which, in itself, is sufficient to require the denial of plaintiff's motion.

The allegations of the affirmative defense setting forth the character of the occupancy of the defendant raise the interesting question as to whether a husband may withdraw from the family home owned by him and thereafter invoke the aid of the courts to eject his wife therefrom. No consideration need be given to the allegations as to the Nevada divorce, for it does not appear that a decree was granted there, and it was probably invalid against defendant if granted. From the very beginnings of the common law the hus-

band has been required to support and maintain his wife. This duty is based not on contract or statute but on status. (Bacon's Abridgment [7th ed. 1832], vol. I, Baron & Feme, 713.) A part of this duty is to provide a suitable home for her. It shocks one's sense of justice and of the fitness of things that a husband may in fulfillment of this duty provide such a home and later from willfulness or caprice or for no reason whatever turn her out of the home so established without providing a suitable place to live elsewhere. The law does not tolerate this. Thus, in *Hill* v. *Hill* (1916 W. N. 59), where a husband after differences with his wife allowed her and their two children to live in the family residence and his wife refused inspection by an intending purchaser, the High Court of Justice, Chancery Division, of England, granted a mandatory injunction directing the wife to deliver possession of the house to him or his agent, but suspended its operation until the husband provided a suitably furnished house for his wife and children.

The above case was in equity and is cited here, not as an authority on the rules of ejectment actions, but rather as an expression of the policy of the law in controversies of this kind.

In *Kelley* v. *Kelley* (51 R. I. 173; 153 A. 314) the Supreme Court of Rhode Island refused to grant ejectment of the husband from the property of the wife, saying (p. 315): " The relief sought in the case at bar consists not only of putting the wife in possession but in expelling the husband from his wife's house which is the lawful home of both husband and wife. * * *

" The wife still has the legal possession and also the right of occupancy if she wishes to exercise it. Neither husband nor wife without lawful cause so long as the marital relation exists can exclude the other from the home they have established by mutual and voluntary choice."

The same principle is enunciated in *Manning* v. *Manning* (79 N. C. 293), where the wife sought to eject the husband from the family home owned by her, the court saying: " The possession of the wife is not exclusive of the occupation of the husband. As man and wife their joint possession is not antagonistic or adverse, the one to the other. * * *

" I can never agree that either husband or wife can, without committing those offenses which the law designates as causes of divorce or separation, invoke the aid of the courts to render a judgment, the unavoidable consequence of which would be a separation of man and wife. Nothing less than an express and positive statute to that effect can control or destroy that highest of all the obligations imposed in the marriage relation — that man and wife shall live together."

While in our own State it has been held that the wife may bring ejectment against the husband (*Wood* v. *Wood*, 83 N. Y. 575; *Minier* v. *Minier*, 4 Lans. 421), it must be remembered that the wife owes no duty to furnish a place of abode for her husband; and no case has been found, and the court believes none can be found, giving the husband the right to bring such action against the wife as to the family home. Resort must be had to the common law for the principles that govern the action. Plaintiff must show that he was ousted or deprived of possession. (*Butler* v. *Frontier Telephone Co.*, 186 N. Y. 486.) Possession of the premises by defendant as plaintiff's wife is not adverse to him (*Timmerman* v. *Cohn*, 70 Misc. 327), but is rather in law possession by him (*Martin* v. *Rector*, 101 N. Y. 77).

The essential elements of an ejectment are, therefore, lacking when the possession is by the wife during coverture who swears that her husband has not been excluded from the family home. Until he provides another suitable place for her to live in, the plaintiff cannot eject defendant from the premises in which he placed her and which she now occupies as his wife. The allegations of the affirmative defense also require denial of the motion for judgment.

Since no sufficient reason appears for preference in this case, both motions are denied, with costs of one motion.