J. Irwin Shapiro, J.
This is a motion “ for an order pursuant to Rule 106 of the Rules of Civil Practice, dismissing the second and fourth Causes of Action of the said amended complaint on the grounds that the same do not state facts sufficient to constitute a Cause of Action
Plaintiff in his second cause of action alleges that he was a tenant of the corporate defendant under a written lease for a two-year term, commencing September 1, 1957; that under paragraph 20th of said lease the corporate defendant covenanted that the plaintiff, upon complying with the covenants to be performed by him, would be entitled to peaceable and quiet possession of the premises for said term; that the plaintiff deposited the security required by said lease, paid the first month’s rent for the period commencing September 1, 1957, and otherwise performed all of the covenants and conditions on his part to be performed.
H-e then proceeds to allege that he attempted to enter possession of the premises during the first month of the term, but was prevented from so doing because the defendants “ assaulted, beat and struck the plaintiff on the chest and body with their hands and kicked him and by laying their hands upon him shoved and pushed him and thus prevented the plaintiff from entering said premises * * and put him in fear of
personal violence by threatening to throw him down the steps if he did not immedately leave said premises or if he ever attempted to enter said premises ”.
The defendants claim that the foregoing fails to state facts sufficient to constitute a cause of action to recover treble damages for forcible entry or detainer under section 535 of the Real Property Law.
In Drinkhouse v. Parka Corp. (3 N Y 2d 82, 91) the court, in discussing the applicability of section 535 of the Real Property Law said: “ it is well established that it applies only where the force employed to oust a tenant is unusual, tends to bring about a breach of peace, and the entry is with a strong hand, or by a multitude of people, or in a riotous manner, or with personal violence, or with threat and menace to life and limb under circumstances which would naturally inspire fear and lead one to apprehend danger of personal injury if he stood up in defense of his possession (Fults v. Munro, 202 N. Y. 34; Arout v. Azar, 219 App. Div. 260).” * * *
“ The cases under section 535 of the Real Property Law, where recovery is allowed, are replete with allegations and evidence of the use of guns, clubs, threats to life, assaults and the *576 like. Similar allegations are not found in this complaint.” (Italics ours.) (p. 92).
In our complaint the plaintiff says that he was assaulted, struck on the chest and body; that he was kicked and shoved and pushed and that he was informed of more dire consequences to follow if he attempted to obtain possession of the leased apartment thus clearly being sufficient under the Drinkhouse case.
The corporate defendant further contends that the complaint is insufficient as to it because there is no allegation that the purported assaults committed by the individual defendants were perpetrated by them within the course of their employment by the corporate defendant. The complaint alleges that the individual defendants were, at the time of the assaults and at the time that they prevented him from having access to the leased apartment ‘ ‘ officers of the said M. J. B. Holding Corp. ’ ’
While it is true that there is no direct allegation that the individual defendants were acting in furtherance of the business of the corporate defendant, it was the latter’s building and apartment that the plaintiff was being kept out of by the individual defendants — officers of the corporate defendant.
Therefore, giving the pleading every “ reasonable inference that may be drawn therefrom ” (Garvin v. Garvin, 306 N. Y. 118, 120), as we must when it is attacked as insufficient on its face (Tripp, A Guide to Motion Practice, p. 242), the second cause of action is held to state facts sufficient to constitute a cause of action.
The defendants contend that the fourth cause of action “ which seeks to spell out a conspiracy ” among the defendants is “ insufficient in that it contains general allegations of conspiracy which amount to bare conclusions ’ ’ and because ‘ ‘ it seeks to charge employees of a corporation with a conspiracy to induce the defendant corporation to breach its lease agreement with the plaintiff. ’ ’
We need not be detained by the first ground urged, for there are sufficient ultimate facts set forth, as distinguished from conclusions of law, to make out a cause of action in conspiracy. However, citing Finkelstein v. Kesalp Realty Corp. (279 App. Div. 939) to the effect that “ agents who, acting within the scope of their authority, induce the principal to breach a contract are not liable in damages to the other party to the contract ”, the individual defendants say that upon that ground the fourth cause of action is insufficient as to them.
The defendants have failed to differentiate between the case where an employee, agent or officer merely induces a breach of the contract, in which case he is not liable if he has no personal *577 pecuniary interest in inducing the breach other than the resultant benefit to his corporation, and the case where an employee, ag'ent or officer induces or conspires with his corporation and others to commit a fraud or a criminal act in which event he is liable. (Arthur v. Griswold, 55 N. Y. 400; Downey v. Finucane, 205 N. Y. 251; Churchill v. St. George Development Co., 174 App. Div. 1; Chess Enterprises v. Beldon Associates, 1 A D 2d 840.)
In this case the fourth cause of action charges a conspiracy among the defendants, among other things to put the plaintiff in fear of personal violence and to assault him, and alleges as overt acts in the furtherance of the conspiracy that the defendants, including the individuals, did actually assault and beat him.
The fourth cause of action is, therefore, held sufficient as a pleading to withstand the attack thus made upon it.
The motion is in all respects denied. Submit order.