ALBERT FERRUCCI, Respondent, *v.* STATE OF NEW YORK, Appellant.
(Claim No. 53191.)

Third Department, October 25, 1973.

Louis J. Lefkowitz, Attorney-General (Jeremiah Jochnowitz and Ruth Kessler Toch of counsel), for appellant.

Levy, Gutman, Goldberg & Kaplan (Eugene N. Harley of counsel), for respondent.

COOKE, J. This is an appeal from an order of the Court of Claims, entered on September 28, 1972, which denied a motion to dismiss the claim.

On August 12, 1937, claimant voluntarily entered the Harlem Valley State Hospital at Wingdale as a patient. On September 10, 1937, upon a petition of his sister and a certificate of two qualified examiners, he was committed to said institution pursuant to an order of the Dutchess County Judge adjudging

him to be insane. In November of the same year, claimant was involved in an escape attempt, during the course of which a guard was assaulted, and claimant was charged with assault in the second degree. On December 3, 1937, claimant was removed to the Matteawan State Hospital by virtue of another order of said County Judge, issued pursuant to former section 870 of the Code of Criminal Procedure, the order reciting that claimant was then charged with assault second degree and providing that the criminal proceedings be held in abeyance until such time as he was restored to his right mind. Claimant remained at Matteawan until May of 1966 when he was returned to Harlem Valley, it having been determined that he was no longer dangerous to himself and others. He was confined at the latter place, upon successive court orders, until his release on convalescent care in December, 1968 and his ultimate discharge a year later.

The claim consists of four parts: the first, being basically for false imprisonment; the second, for punitive damages for such imprisonment; the third, for involuntary servitude; and the fourth, for punitive damages for such servitude.

When the court issuing a commitment to a mental institution has jurisdiction and the legal process is valid on its face and does not of itself give notice of any legal invalidity, the State is not answerable in damages (*Jones* v. *State of New York,* 31 A D 2d 992; *Harty* v. *State of New York,* 29 A D 2d 243, 244, affd. 27 N Y 2d 698); nor is it even liable for an illegal confinement, if made pursuant to court directives clothed with said attributes (*Jameison* v. *State of New York,* 7 A D 2d 944; *Nastasi* v. *State of New York,* 275 App. Div. 524, 526, affd. 300 N. Y. 473). Here, there is no allegation, express or inferable, that the orders directing claimant's commitment and confinement were invalid on their face or that the courts lacked jurisdiction of the subject matter or of claimant's person.

With reference to the confinement of the mentally ill, it has been said that the State has the duty to the inmate to provide him with reasonable rehabilitation conditions under the circumstances (*Williams* v. *State of New York,* 308 N. Y. 548, 555; see, Mental Hygiene Law, § 34, subd. 1; Correction Law, § 405, subd. 1). The claim, although stating that the work performed by claimant was neither therapeutic nor a necessary method of treatment but required solely to defray institutional costs, does not assert that the tasks assigned to claimant were not reasonably related to his rehabilitation, nor is any injury set forth because of said work (cf. *Mulberg* v. *State of New York,*

35 A D 2d 856, affd. 29 N Y 2d 916). Furthermore, the allegations of the claim do not show that the labors were involuntary. In any event, there is no authority to compensate claimant for work allegedly performed by him during his confinement at the State hospitals (cf. *Greene* v. *State of New York,* 176 Misc. 8 [Dye, J.]).

That part of the claim contending that there was a false imprisonment alleges, however, that claimant was held at Matteawan for approximately 28½ years, that he was confined with little or no attention, and that there were no consultations with qualified medical personnel who in any way tried to help claimant with his supposed psychiatric infirmity. The operation of a State institution is clearly governmental and subject to governmental and administrative decisions, and the State has not waived its immunity from liability resulting from said decisions (*Young* v. *State of New York,* 40 A D 2d 730, 732, mot. for lv. to app. den. 31 N Y 2d 646). The frequency and amount of psychiatric treatment or care to be furnished to a person confined to Matteawan State Hospital being an administrative decision and the type of treatment to be afforded him being a governmental function, liability will not attach for a failure to make properly such a decision or to exercise properly such a function (*Young* v. *State of New York, supra; Bellows* v. *State of New York,* 37 A D 2d 342, 344).

As to those portions of the claim seeking punitive damages, we need go no further than to recite that claims for such damages are not separate causes of action but, rather, constitute an element of single total claims for damages for underlying causes of action (*Knibbs* v. *Wagner,* 14 A D 2d 987; *Gill* v. *Montgomery Ward & Co.,* 284 App. Div. 36, 41). Insofar as the allegations of the fundamental causes of action for false imprisonment, involuntary servitude and, if so intended, for inadequate care and treatment are deemed defective and are to be dismissed, the portions seeking punitive damages must receive the same fate.

The order should be reversed, on the law, and the claim dismissed, without costs.

Greenblott, J. P., Sweeney, Kane and Main, JJ., concur.

Order reversed, on the law, and claim dismissed, without costs.