■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS FARRELL, Appellant.—Judgment, Supreme Court, New York County, entered November 4, 1976, after a jury trial, which convicted the defendant of two counts of robbery in the second degree (Penal Law, § 160.10) and sentenced him to two concurrent 6- to 12-year terms of imprisonment, unanimously affirmed. As to the point raised with regard to the colloquy between the Justice presiding at the trial and a juror during the polling process, while it might have been preferable, when the possibility of a doubt in the juror's mind was indicated, to send the jury back into session for a resolution of the doubt, in the totality of the circumstances demonstrated by a reading of the transcript with regard to the jury's determination and the polling of the jury, there could be no real question with respect to the determination of guilt. We have examined the other points raised and find them without merit. Concur—Kupeferman, J. P., Silverman, Lane and Markewich, JJ.

■  GEORGE GOLDBERG, Appellant, v NEW YORK TIMES, Respondent.— Order, Supreme Court, New York County, entered February 9, 1978, dismissing the complaint for failure to state a cause of action, unanimously reversed, on the law, and the complaint reinstated, with $75 costs and disbursements of this appeal to appellant. The ground for dismissal assigned at Special Term is that "it is impossible for the plaintiff to prove the essential element of damages" resulting from defendant-respondent's failure to print the advertisement accepted from plaintiff-appellant. The activities of defendant in receiving the advertisement, in assuring timely insertion in the newspaper, in attempting to secure a reorder, and in the very belated act of explanation for failure to print the advertisement all add up to a contract that was deliberately breached. If breach is proven, a remedy is available even though provable damage may actually be no more than nominal. "A person violating his contract should not be permitted entirely to escape liability because the amount of the damages which he has caused is uncertain." *(Wakeman v Wheeler & Wilson Mfg. Co.,* 101 NY 205, 209.) Nor should the second cause, seeking exemplary damage, have been dismissed. The allegation is that defendant deliberately failed to run the advertisement because its credit records reflected adversely on plaintiff. That information was erroneous, and defendant failed to advise plaintiff of its reason in time to be corrected and to have the advertisement run. The relief sought, though erroneously stated as a separate cause, should be deemed part of the prayer for damages. *(Gill v Montgomery Ward & Co.,* 14 AD2d 987.) Concur—Kupferman, J. P., Silverman, Fein and Markewich, JJ.