■ MAVIS BUNKER, Respondent, v CHARLES C. BUNKER, Appellant.— Order, Supreme Court, New York County, entered December 1, 1978, denying defendant's motion to dismiss the fourth cause of action or in the alternative to strike the allegations in paragraph 23 of the complaint as scandalous and prejudicial and denying his motion for a change of venue, modified, on the law, to dismiss the fourth cause of action, and otherwise affirmed, without costs. The third cause of action in the complaint pleads a cause of action for fraud and deceit. The fourth cause of action, which incorporates the third cause of action, purports only to plead a cause of action for punitive damages. There can be no separate cause of action for punitive damages. Such a claim for damages constitutes merely an element of the single total claim for damages on the underlying causes of action *(APS Food Systems v Ward Foods,* 70 AD2d 483; *Goldberg v New York Times,* 66 AD2d 718; *M. S. R. Assoc. v Consolidated Mut. Ins. Co.,* 58 AD2d 858; *Greenberg Co. v Edgemont Condominiums,* 57 AD2d 861; *Ferrucci v State of New York,* 42 AD2d 359, 362, affd 34 NY2d 881). The complaint is deemed to demand punitive damages, which are recoverable only if the proof establishes there was "such gross, wanton, or willful fraud or other morally culpable conduct to a degree sufficient to justify an award of punitive damages." *(Borkowski v Borkowski,* 39 NY2d 982, 983.) Special Term did not abuse its discretion in denying the change of venue to Nassau County *(Greentree Pub. Co. v Oneida Dispatch Corp.,* 59 AD2d 711). Plaintiff resides in New York County. Defendant resides in Suffolk County. The witnesses apparently reside in either New York County or Suffolk County. The fact that the divorce was obtained in Nassau County does not require that the venue be laid there in this action on the parties' stipulation of settlement. There is no showing that the convenience of material witnesses will be served and the ends of justice promoted by such change of venue. Defendant has not even indicated the substance or materiality of the testimony to be given by these witnesses (CPLR 510; *Radatron, Inc. v Z. Z. Auto Tel.,* 30 AD2d 760). Concur—Birns, J. P., Fein, Sullivan, Markewich and Lynch, JJ.