LAURA STEINBERG, Appellant, v BURTON I. MONASCH et al., Respondents, et al., Defendants.

First Department, March 30, 1982

APPEARANCES OF COUNSEL

*Thomas A. Andrews* of counsel (*Filip Tiffenberg* with him on the brief; *Saxe, Bacon & Bolan, P. C.,* attorneys), for appellant.

*Robert J. Kheel* of counsel (*Jonathan P. Wolfert* with him on the brief; *Willkie Farr & Gallagher* attorneys), for Reliance Group, Inc., respondent.

*Burton I. Monasch pro se* (*Monasch Chazen & Stream* attorneys), for Hartley Chazen and others, respondents.

OPINION OF THE COURT

LUPIANO, J.

The plaintiff's first cause of action clearly states a cause of action. In it plaintiff wife alleges that she resided in the

marital home with her 18-month-old son; that marital difficulties between her and her husband defendant Saul P. Steinberg resulted in pending matrimonial litigation which could entail a court determination as to who would be awarded exclusive possession of the marital residence during the pendency of the litigation; that on March 28, 1980, in the absence of any court order awarding exclusive possession of the residence to either plaintiff or defendant Saul Steinberg, the defendants-respondents, fearful that the court would direct that plaintiff and her child continue in possession of the marital residence, conspired to wrongfully eject plaintiff from said residence; that to accomplish this end, they schemed to have plaintiff ejected by the police under the guise of arrest on a "pretextual" violation of the Penal Law, or in the event the police refused to act, to themselves physically remove plaintiff from the premises; that defendants Monasch, Smith and Abatiello pursuant to the conspiracy entered the marital residence and demanded that plaintiff vacate; that plaintiff sought safety in her bedroom which she locked; that said defendants broke through, compelling plaintiff to lock herself in the adjacent bathroom; that the police summoned to the apartment refused to aid said defendants in their endeavor to forcibly remove plaintiff; that said defendants threatened plaintiff that if she did not come out they would break through and forcibly remove her, which threats compelled plaintiff to open the bathroom door, thereby subjecting herself to the said defendants' power in effecting her removal from the marital residence. There is not present in this record a lease or licensing agreement between the owner spouse (Saul Steinberg) and the nonowner spouse (plaintiff Laura Steinberg) whereby the owner spouse could resort to summary proceedings to evict his wife (see 2 Rasch, New York Landlord and Tenant [2d ed], § 1158, p 590): "If, however, she started her possession as the wife of the 'landlord,' and she continues in possession * * * she is in possession not by virtue of any license, but solely on the basis of the existence of the marital relationship." It was aptly noted in *Wright v Wright* (188 Misc 268, 270) that "[w]hen a husband and wife have been living together upon the wife's property, and the wife becomes entitled to

the sole and exclusive possession thereof, the husband cannot be summarily evicted, as an intruder or squatter, by a summary proceeding * * * The usual form of action in which the right to possession of real property is determined, and possession thereof is obtained, is an action in ejectment * * * This is the petitioner's proper remedy in the instant case" (see 2 Rasch, New York Landlord and Tenant [2d ed], § 1141; 15 NY Jur, Domestic Relations, § 296; cf. *McKaig v McKaig,* 154 Misc 257).

There is no court order or judgment directing that defendant Saul Steinberg is entitled to the sole and exclusive possession of the marital abode.* The marital relationship has not yet been severed by court decree. Defendant Saul Steinberg, under these circumstances, and the allegations of the complaint (first cause of action), has resorted to self-help rather than recovery of possession by legal process. He has allegedly effected the ejectment of his spouse by forcible entry (see Prosser, Law of Torts [4th ed], § 23). RPAPL 853 entitled "Action for forcible or unlawful entry or detainer; treble damages" provides: "If a person is disseized, ejected, or put out of real property in a forcible or unlawful manner, or, after he has been put out, is held and kept out by force or by putting him in fear of personal violence or by unlawful means, he is entitled to recover treble damages in an action therefor against the wrong-doer." It is clear that plaintiff's first cause of action sounds in forcible entry (a tort) and is not a claim for mere trespass. Accordingly, Special Term erred in dismissing the first cause of action for failure to state a cause of action on the basis that it alleged a simple trespass, and that defendant Saul Steinberg, the spouse owner, could not trespass upon his own property.

Plaintiff's second cause of action seeks punitive damages in consequence of the acts underlying her first cause of action. In essence, it appears that plaintiff is here seeking the treble damages provided for by RPAPL 853. Similarly, the fourth, sixth and seventh causes of action seek punitive damages. Special Term properly dismissed all four causes on the basis that there is no independent cause of action for punitive damages (*Fiur Co. v Ataka & Co.,* 71 AD2d 370,

* See *Rosenstiel v Rosenstiel* (20 AD2d 71, 73-77).

375-376). "There can be no separate cause of action for punitive damages. Such a claim for damages constitutes merely an element of the single total claim for damages on the underlying causes of action (*APS Food Systems v Ward Foods,* 70 AD2d 483; *Goldberg v New York Times,* 66 AD2d 718; *M.S.R. Assoc. v Consolidated Mut. Ins. Co.,* 58 AD2d 858; *Greenberg Co. v Edgemont Condominiums,* 57 AD2d 861; *Ferrucci v State of New York,* 42 AD2d 359, 362, affd 34 NY2d 881). The complaint is deemed to demand punitive damages, which are recoverable only if the proof establishes there was 'such gross, wanton, or willful fraud or other morally culpable conduct to a degree sufficient to justify an award of punitive damages.' (*Borkowski v Borkowski,* 39 NY2d 982, 983.)" (*Bunker v Bunker,* 73 AD2d 530.) Leave is granted plaintiff to replead with respect to these dismissed causes of action — the second, fourth, sixth and seventh (cf. *Goldberg v New York Times,* 66 AD2d 718).

Special Term dismissed the complaint for failure to state a cause of action against defendant Reliance Group, Inc., on the ground that although said corporation is the employer of defendant Abatiello, there is no allegation that Abatiello was acting within the scope of his employment, citing *Riviello v Waldron* (47 NY2d 297). It is duly noted that *Riviello* was concerned not with the statement of a cause of action, but with proof at trial going to the merits of the cause of action. In that case it was observed (pp 302-303): "Applying the pertinent legal precepts to this factual framework, we first note what is hornbook law: the doctrine of *respondeat superior* renders a master vicariously liable for a tort committed by his servant while acting within the scope of his employment * * * The definition of 'scope of employment', however, has not been an unchanging one. Originally defined narrowly * * * social policy has wrought a measure of relaxation of the traditional confines of the doctrine * * * So, no longer is an employer necessarily excused merely because his employees, acting in furtherance of his interests, exhibit human failings and perform negligently or otherwise than in an authorized manner. Instead, the test has come to be ' "whether the act was done while the servant was doing his master's work,

no matter how irregularly, or with what disregard of instructions" ' * * * Thus formulated, the rule may appear deceptively simple but, because it depends largely on the facts and circumstances peculiar to each case, it is more simply said than applied * * * For, while clearly intended to cover an act undertaken at the explicit direction of the employer * * * it also encompasses the far more elastic idea of liability for 'any act which can fairly and reasonably be deemed to be an ordinary and natural incident or attribute of that act' * * * And, because the determination of whether a particular act was within the scope of the servant's employment is so heavily dependent on factual considerations, *the question is ordinarily one for the jury"* (emphasis supplied).

In paragraph 8 of the complaint it is alleged that "defendant Dominic Abatiello * * * is employed by defendant Reliance Group, Inc. * * * and *acts as such employee at the pleasure and pursuant to the direction of defendant Steinberg who is Chairman, President and Chief Executive Officer of said corporation"* (emphasis supplied). In paragraph 10 it is alleged that "[a]t all times hereafter mentioned, defendant Abatiello acted for Saul Steinberg as his personal body guard and was authorized to act as an agent on his behalf."

We are not confronted here by a motion for summary judgment. "[W]e note the procedural posture in which this case comes before us. The sole question presented for our review is whether the plaintiff's complaint states a cause of action. As such, we accept, as we must, each and every allegation forwarded by the plaintiff without expressing any opinion as to the plaintiff's ability ultimately to establish the truth of these averments before the trier of the facts. (See, e.g., *Becker v Schwartz,* 46 NY2d 401, 408; *Cohn v Lionel Corp.,* 21 NY2d 559, 562; *Kober v Kober,* 16 NY2d 191, 193.) If we find that the plaintiff is entitled to a recovery upon any reasonable view of the stated facts, our judicial inquiry is complete and we must declare the plaintiff's complaint to be legally sufficient. (See, e.g., *Dulberg v Mock,* 1 NY2d 54, 56; *Condon v Associated Hosp. Serv. of N. Y.,* 287 NY 411, 414.)" (*219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506, 509.) The complaint may reason-

ably be viewed as alleging that defendant Reliance Group, Inc., employed defendant Abatiello "to act at the pleasure and pursuant to the direction of" Reliance Group, Inc.'s, chairman, president and chief executive officer, defendant Steinberg, i.e., Reliance "gave" Abatiello to Steinberg to use at his pleasure and discretion. The complaint also clearly alleges that Abatiello, while acting in such capacity, was involved in a conspiracy with defendant Steinberg, his employer Reliance Group, Inc., and others to forcibly remove plaintiff from her home. In light of the aforesaid it is clear that Special Term erred in holding that the complaint did not state a cause of action against Reliance Group, Inc., because it did not use the *specific language* that defendant Abatiello acted within the scope of his employment. Giving the complaint every "reasonable inference that may be drawn therefrom" (*Garvin v Garvin,* 306 NY 118, 120), as we must when it is attacked as insufficient on its face, it is clear that a cause of action is sufficiently stated against the corporate defendant Reliance Group, Inc. (see *Schoenbrun v M. J. B. Holding Corp.,* 13 Misc 2d 574, mot to dismiss app den 11 AD2d 733, which also involves a cause of action for forcible entry). "Finally, it should be emphasized that where a matrimonial action is pending between a husband and wife, then, ordinarily, the matter of occupancy and possession of the marital home should be determined by proper proceedings in such action." (*Rosenstiel v Rosenstiel,* 20 AD2d 71, 77.) Accordingly, the judgment of the Supreme Court, New York County (SHAINSWIT, J.), entered July 29, 1981, dismissing the complaint in its entirety as to defendant Reliance Group, Inc., should be reversed, on the law, without costs and without disbursements. The order of said court, entered July 17, 1981, granting defendant Reliance Group, Inc.'s, motion to dismiss the complaint in its entirety as to it for failure to state a cause of action (CPLR 3211, subd [a], par 7) and granting the motion of defendants Monasch, Chazen, Stream, Smith, Saul P. Steinberg, Abatiello and the law firm of Monasch, Chazen & Stream to dismiss the first, second, fourth, sixth and seventh causes of action as to them for failure to state a cause of action (CPLR 3211, subd [a], par 7) should be modified, on the law, to the

extent of denying defendant Reliance Group, Inc.'s, motion to dismiss except as to the second, fourth, sixth and seventh causes of action; and of denying defendants Monasch, Chazen, Stream, Smith, Steinberg, Abatiello and the law firm of Monasch, Chazen & Stream's motion to dismiss the first cause of action; the first cause of action is reinstated and plaintiff is granted leave to replead against all the aforesaid defendants and, as so modified, affirmed, without costs and without disbursements.

MURPHY, P. J., SANDLER, BLOOM and MILONAS, JJ., concur.

Judgment, Supreme Court, New York County, entered on July 29, 1981, unanimously reversed, on the law, without costs and without disbursements. The order of said court entered on July 17, 1981, unanimously modified, on the law, to the extent of denying defendant Reliance Group, Inc.'s, motion to dismiss except as to the second, fourth, sixth and seventh causes of action; and of denying defendants Monasch, Chazen, Stream, Smith, Steinberg, Abatiello and the law firm of Monasch, Chazen & Stream's motion to dismiss the first cause of action, the first cause of action reinstated and plaintiff granted leave to replead against all the aforesaid defendants and, as so modified, affirmed, without costs and without disbursements.