Verdi v Dinowitz (2018 NY Slip Op 03104)





Verdi v Dinowitz


2018 NY Slip Op 03104


Decided on May 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2018

Tom, J.P., Andrias, Webber, Kahn, JJ.


6411 158747/16

[*1]Manuele Verdi, etc., Plaintiff-Respondent,
v
Jeffrey Dinowitz, etc., Defendant-Appellant.


Stroock & Stroock & Lavan LLP, New York (Charles G. Moerdler, Daniel Bertaccini and Pamela S. Takefman of counsel), for appellant.
Conde & Glaser, L.L.P., New York (Ezra B. Glaser of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered October 2, 2017, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss plaintiff's causes of action for defamation and punitive damages, unanimously modified, on the law, to dismiss the seventh and ninth causes of action, and otherwise affirmed, without costs.
The motion court correctly determined that some of the complained-of statements were susceptible of a defamatory meaning. Considering the context of the statements, the court properly determined that they signaled that defendant was asserting a fact rather than opinion (see Gross v New York Times Co. , 82 NY2d 146, 153 [1993]).
Although the court struck some of the complained-of statements as responsive to allegations made against defendant in a separate lawsuit brought by plaintiff, the court properly rejected defendant's argument that all of the complained-of statements were privileged on that ground. Nevertheless, the court should have dismissed the seventh cause of action, since it contained only an allegation related to a responsive statement to that lawsuit, which statements the court had stricken.
Plaintiff's independent cause of action for punitive damages should also have been dismissed (see Steinberg v Monasch , 85 AD2d 403, 405-406 [1st Dept 1982]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 1, 2018
CLERK