Jean v Chinitz (2018 NY Slip Op 05521)





Jean v Chinitz


2018 NY Slip Op 05521


Decided on July 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 26, 2018

Sweeny, J.P., Renwick, Mazzarelli, Kahn, Gesmer, JJ.


6283 6282 6281

[*1]Lesly Jean, Plaintiff-Appellant,
v
Michael Chinitz, et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Gregory Radwan of counsel), for respondents.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered February 16, 2017, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the causes of action for violation of Judiciary Law § 487 and punitive damages, unanimously affirmed, without costs. Order, same court and Justice, entered July 17, 2017, which granted defendants' motion to dismiss the amended verified complaint, unanimously affirmed, without costs. Order, same court and Justice, entered August 31, 2017, which denied plaintiff's motion to reargue defendants' motion to dismiss the amended verified complaint, and denied plaintiff's motion in the alternative for leave to amend the complaint, unanimously affirmed, without costs.
In its February 16, 2017 order, the motion court correctly dismissed the first cause of action in the original verified complaint to the extent that it alleged a violation of Judiciary Law § 487, because plaintiff failed to plead the essential elements of a cause of action under the statute, i.e., intentional deceit and damages proximately caused by the deceit (see Judiciary Law § 487; Doscher v Manatt, Phelps & Phillips, LLP, 148 AD3d 523, 524 [1st Dept 2017]). Accordingly, the portion of the first cause of action in the original verified complaint that alleges a section 487 violation fails to state a cause of action under the statute (see CPLR 3211[a][7]). Additionally, plaintiff's section 487 cause of action lacks the requisite particularity (see CPLR 3016[b]; Facebook, Inc. v DLA Piper LLP [US], 134 AD3d 610, 615 [1st Dept 2015], lv denied 28 NY3d 903 [2016]).
By the same order, the motion court also correctly dismissed plaintiff's separate cause of action for punitive damages as pleaded in the original verified complaint. A separate cause of action for punitive damages is not legally cognizable (see Steinberg v Monasch, 85 AD2d 403, 406 [1st Dept 1982]). Rather, punitive damages "are merely an element of the total claim for damages on . . . underlying causes of action," and a separate cause of action based solely upon them must be dismissed (Greenview Trading Co. v Hershman & Leicher, 108 AD2d 468, 470 [1st Dept 1985]). In any event, the original verified complaint does not allege intentional and malicious treatment of plaintiff or wanton dishonesty suggestive of criminal indifference to civil obligations sufficient to support an award of punitive damages (see Johnson v Proskauer Rose LLP, 129 AD3d 59, 73 [1st Dept 2015]). Indeed, the pleading merely alleges that defendants were trying to conceal their negligence in having allowed plaintiff's medical malpractice action to be dismissed for noncompliance with discovery orders.
By its July 17, 2017 order, the motion court also correctly dismissed plaintiff's amended verified complaint, albeit not on the proper grounds. Contrary to the motion court's determination, the amended verified complaint was not procedurally barred. Defendant's answer was served and filed on March 7, 2017, and plaintiff's amended verified complaint was filed on [*2]March 16, 2017, well within the 20-day period within which plaintiff could timely file an amended pleading without leave of court (see CPLR 3025[a]). Furthermore, in an amended pleading, a plaintiff "may add any cause of action at all, related or not to what the original pleading contained" (see Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025 at 87, citing Mendoza v Mendoza, 4 Misc 2d 1060, 1061 [Sup Ct, NY County 1947], affd 273 App Div 877 [1st Dept 1948]). Thus, it is of no moment that the amended verified complaint included a section 487 cause of action, whereas defendant's answer served and filed subsequent to the February 17 order dismissing the section 487 claim included no response to plaintiff's section 487 allegations.
Plaintiff argues that the amended verified complaint added allegations of intentional deceit on the part of defendants, as manifested in the form of email communications from defendants to plaintiff falsely assuring him that his medical malpractice case was still active when, in fact, it had been dismissed due to defendants' failure to comply with three discovery orders of the motion court. Plaintiff further alleges that defendants' deceit injured him by depriving him of the opportunity to take steps to remedy or vacate the dismissal. Plaintiff's theory presumes that the trial court justice presiding in the medical malpractice action would have vacated the dismissal and reinstated the action had plaintiff moved for such relief. Given the circumstances under which the medical malpractice action was dismissed, however, involving three separate discovery orders for provision of medical authorizations and physician reports, each of which was disregarded by plaintiff's attorney, it is, at best, purely speculative that the medical malpractice court would have granted such relief. Thus, plaintiff's claim of injury lacks sufficient support to sustain his claim that defendants' false email communications were the proximate cause of any injury to him (see Pellegrino v File, 291 AD2d 60, 64 [1st Dept 2002], lv denied 98 NY2d 606 [2002] [dismissing legal malpractice claim where plaintiffs' allegations did not, on their face, establish that but for their medical malpractice attorney's conduct in failing to inform them of the dismissal of their medical malpractice action, they would not have sustained the actual ascertainable harm]).
Moreover, "[t]reble damages awarded under Judiciary Law [section] 487 are not designed to compensate a plaintiff for injury to property or pecuniary interests" (Specialized Indus. Svcs. Corp. v Carter, 99 AD3d 692, 693 [2d Dept 2012] [internal quotations marks omitted]). Rather, "they are designed to punish attorneys who violate the statute and to deter them from betraying their special obligation to protect the integrity of the courts and foster their truth-seeking function'" (id., quoting Amalfitano v Rosenberg, 12 NY3d 8, 14 [2009]). Thus, plaintiff's advancement of a section 487 cause of action in this case is inconsistent with the purpose of the statute, and dismissal of that cause of action was warranted for that additional reason.
The August 31, 2017 order, which denied plaintiff's motion to reargue defendants' motion to dismiss the amended complaint, is appealable, because the court entertained the merits of plaintiff's motion, thereby effectively granting reargument (see Granite State Ins. Co. v Transatlantic Reins. Co., 132 AD3d 479, 484 [1st Dept 2015]). Upon reargument, however, dismissal of the section 487 cause of action was appropriate, as plaintiff proffered nothing on his reargument motion that would alter the motion court's original conclusion that plaintiff's section 487 cause of action was insufficiently pled in his amended verified complaint.
Additionally, by its August 31, 2017 order, the motion court properly denied plaintiff's alternative motion to amend the complaint, as the proposed pleading did nothing more than add detailed factual allegations as to the times and contents of the email communications in question. As already noted, it failed, however, to correct the fundamental flaw in plaintiff's section 487 cause of action as previously pleaded, namely, that the injury that plaintiff alleged to have [*3]suffered as the result of defendants' deceit is speculative, rendering that cause of action invalid (see CPLR 3211[a][7]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 26, 2018
CLERK