■ BRUCE J. PAGE, SR., et al., Appellants, v VINCENT LA BUZZETTA, JR., Defendant and Third-Party Plaintiff-Respondent. ANTHONY FONSECA et al., Doing Business as S & D CONSTRUCTION COMPANY, Third-Party Defendants-Respondents. — Appeal from an order of the Supreme Court at Special Term (Harlem, J.), entered October 21, 1982 in Otsego County, which granted a motion by defendant and third-party plaintiff precluding plaintiff from proving damages in excess of $250,000 and granted defendant and third-party plaintiff leave to serve an amended answer. Plaintiff Bruce John Page, Sr., was injured on June 11, 1975 when a trench in which he was working at the Gilbert Lake State Park collapsed and buried him. Defendant and third-party plaintiff La Buzzetta was a subcontractor on the job pursuant to a contract between the State of New York and third-party defendant S & D Construction Company, the general contractor on the job. Plaintiff filed a notice of claim against the State of New York in the Court of Claims and commenced the instant action in Supreme Court against La Buzzetta, who impleaded S & D Construction Company. Plaintiff's motion for summary judgment in the latter action was granted on appeal by this court on the issue of liability under subdivision 6 of section 241 of the Labor Law, thereby reversing Special Term's denial, and the matter was remitted for assessment of damages and determination of defendant's third-party claim (*Page v La Buzzetta,* 73 AD2d 483, app dsmd 50 NY2d 1059, mot for lv to app dsmd 51 NY2d 769). Plaintiff also moved for partial summary judgment in the Court of Claims, the denial of which was reversed by this court which granted summary judgment on the issue of the State's liability under subdivision 6 of section 241 of the Labor Law and remitted the matter to the Court of Claims for assessment of damages (*Page v State of New York,* 73 AD2d 479, affd 56 NY2d 604). The claim against the State proceeded to trial and damages were fixed at $250,000. Defendant La Buzzetta moved to amend his answer to plead preclusion of recovery by plaintiff of any sum in excess of $250,000, as found by the Court of Claims to be plaintiff's damages, and for an order limiting plaintiff's potential recovery to that amount. S & D Construction Company joined in the motion. Plaintiff opposed the motion and alternatively cross-moved for an order granting him judgment in the amount of $250,000. Special Term granted defendant's motion to preclude plaintiff from proving damages in excess of $250,000, thereby setting that amount as a ceiling on his potential recovery aside from his wife's derivative cause of action which was not asserted in the Court of Claims. It is from this order that the instant appeal springs. It has also been stipulated by the litigants and made part of the record on appeal that the State of New York has paid the judgment in the action of *Page v State of New York* (*supra*), and a satisfaction of judgment has been executed by plaintiff. On this appeal, plaintiff contends that Special Term erred in setting a $250,000 ceiling as to the damages of plaintiff on the grounds of collateral estoppel and that its order denies plaintiff his right to trial by jury on the issue of damages. Defendant urges that the issues raised by plaintiff in the instant appeal have become moot because the State of New York has paid the judgment of the Court of Claims and thus discharged the obligation of defendant La Buzzetta which stemmed from the same injury for which plaintiff recovered from the State. In this regard, the State's payment of the judgment against it compensates plaintiff for the damages resulting from the tortious acts of the State, La Buzzetta and S & D Construction Company, all of whom are joint tort-feasors (see *State of New York v County of Sullivan,* 54 AD2d 29, revd on dissenting opn below 43 NY2d

815). In view of the fact that plaintiff proceeded to litigate damages in the Court of Claims, accepted payment from the State of New York and executed a satisfaction of judgment, we hold that the application of collateral estoppel based upon the Court of Claims judgment did not violate plaintiff's right to a jury trial. The right to sue the State is a privilege and if a party elects to pursue his remedy in that forum he waives the right to a jury trial and is bound by the damages found by a Judge without a jury (*Malloy v Trombley,* 50 NY2d 46). Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur. [115 Misc 2d 915.]