■ DONALD F. LAKS et al., Respondents, v ROBERT J. SPRINGER et al., Defendants, and HARRY G. SWARTZ, JR., Appellant. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Defendants moved for partial summary judgment dismissing the cause of action in the complaint claiming punitive damages. Special Term properly granted the motion since there is no independent cause of action for punitive damages (*Steinberg v Monasch,* 85 AD2d 403, 405-406). Although dismissing the cause of action for punitive damages, Special Term ordered that the question of punitive damages be submitted to the jury. From this part of the order, defendant Harry Swartz appeals. ¶ Plaintiffs own a car dealership and defendant Swartz was a salesman employed by plaintiffs. From the papers submitted on the motion for summary judgment, it appears that Swartz, while still employed by plaintiffs, obtained orders for new cars from plaintiffs' customers at plaintiffs' place of business and then directed the customers to pick up their cars at another car dealership where Swartz later became employed. ¶ On the record before us we cannot say, as a matter of law, that the plaintiffs may not recover punitive damages. To support a claim for punitive damages in a fraud action, it is no longer necessary to show that the acts were aimed at the public generally (*Borkowski v Borkowski,* 39 NY2d 982). Whether punitive damages are recoverable depends upon the degree of moral culpability of the defendant and may be awarded where the defendant's conduct is gross, wanton and willful. Whether Swartz's conduct was so reprehensible as to warrant the imposition of punitive damages should be determined at trial. ¶ Since plaintiffs' separate cause of action for punitive damages has been dismissed, the order appealed from is modified by granting plaintiffs leave to amend their complaint to assert a claim for punitive damages as part of their underlying cause of action. (Appeal from order of Supreme Court, Erie County, Ricotta, J. — partial summary judgment.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ.