RAYMOND BAXTER et al., Respondents, v FULTON ICE & CUBE Co., INC., et al., Defendants, and OHIO GEAR, INC., Formerly Known as OHIO GEAR, DIVISION OF TOW-MOTOR CORP., Appellant.

Second Department, January 28, 1985

### APPEARANCES OF COUNSEL

*A. Paul Goldblum* (*Debra B. DiCicco* of counsel), for appellant.

*Glaser, Shandell & Blitz* (*Stephen L. Kaufman* of counsel), for respondents.

### OPINION OF THE COURT

WEINSTEIN, J.

The question for resolution on this appeal is whether the doctrine of collateral estoppel bars a plaintiff injured within the scope of his employment from recovering against a named defendant manufacturer and/or distributor a judgment in excess of

the amount previously recovered by him in an inquest proceeding against a defaulting defendant. This appears to be a case of first impression in this jurisdiction. It arises in the context of an action to recover damages for personal injuries. The inquest proceeding was with respect to those same personal injuries. Special Term held that the plaintiffs are not estopped, on these facts, from obtaining a judgment in excess of the judgment obtained at inquest. We agree.

The facts are undisputed. Raymond Baxter (hereinafter plaintiff) was injured on July 28, 1980 while using an ice bagger machine owned by his employer, defendant Fulton Ice & Cube. Plaintiffs commenced an action against Ice Plant Equipment Co., Inc., Perfection Industries, Inc., Vivian Manufacturing Co. and Ohio Gear, Inc., as the alleged manufacturers and/or distributors of the machine and/or its appurtenant parts. Fulton Ice & Cube was also named as a defendant since it did not provide its employees with workers' compensation insurance.

Suit was commenced against Ohio Gear by service of a summons in August, 1981 and service of a complaint after demand therefor. Issue was joined by service of Ohio Gear's answer, together with a demand for a bill of particulars, on or about October 2, 1981. Issue has likewise been joined as to codefendants Ice Plant Equipment and Perfection Industries, Inc.

Based upon the failure of defendant employer, Fulton Ice & Cube, to answer the complaint, plaintiffs obtained an order, signed by Justice Hirsch on January 29, 1982, granting their motion for leave to take an inquest against the defaulting defendant. By said order, the action was severed with respect to Fulton Ice & Cube. A trial on the issue of damages was concluded in March, 1982, before Justice Pizzuto, who, on the basis of the injured plaintiff's medical evidence and testimony, rendered a verdict awarding said plaintiff the principal amount of $100,000 against Fulton Ice & Cube. Judgment on the verdict was entered on or about June 17, 1982.

Ohio Gear thereupon moved for an order pursuant to CPLR 2001 and 3025 granting leave for it to serve a supplemental answer setting forth the amount of the judgment against Fulton Ice & Cube as a limit on any recovery against Ohio Gear and barring recovery against it, in whole or in part, in the event Fulton Ice & Cube should pay all or part of the judgment entered against it. Additionally, Ohio Gear requested a dismissal of the cause of action asserted on behalf of plaintiff Roseanna Baxter on the ground that said action was discontinued by the aforesaid judgment.

Plaintiffs in turn cross-moved for an order, *inter alia,* striking the affirmative defenses contained in Ohio Gear's proposed supplemental answer. In support thereof, plaintiffs maintained that the doctrine of collateral estoppel could not properly be invoked under these circumstances inasmuch as they did not have a full and fair opportunity to contest the prior determination. Since Fulton Ice & Cube is, and was, at the time of the inquest, a defunct corporation with no insurance coverage applicable to the instant matter, the probability of collecting a judgment from it was slight. Plaintiffs asserted that consequently "the inquest proceedings were not tried with the same type of intensity, vigor or extent that would be used, for example, for a case where recovery is likely or feasible (i.e., a physician was not used to address the issue of damages for inquest purposes)".

In a memorandum decision dated January 27, 1983, Special Term granted, on consent, Ohio Gear's motion to discontinue the action on behalf of plaintiff Roseanna Baxter and for leave to serve a supplemental answer. Special Term also granted the cross motion to strike the affirmative defenses seeking to limit plaintiff's recovery against Ohio Gear to the $100,000 verdict awarded at the inquest. Said decision was incorporated into an order dated March 4, 1983. Ohio Gear now appeals from so much of said order as granted the cross motion to strike the affirmative defenses seeking to limit plaintiff's recovery to $100,000. Ohio Gear contends that application of the doctrine of collateral estoppel or issue preclusion requires that a ceiling of $100,000 be placed upon plaintiff's recovery.

It is well settled that issue preclusion, in the sense of collateral estoppel, "operates to preclude relitigation of discrete issues of law and fact determined, or necessarily determined, in a prior action or proceeding, and may arise 'where the parties are the same and one is barred from relitigating an issue which was adjudicated in the prior action * * * or where the parties are not the same but nonetheless one of the parties to the subsequent action * * * is foreclosed * * * from relitigating an issue which was determined in the first action'" (*Kret v Brookdale Hosp. Med. Center,* 93 AD2d 449, 455, affd 61 NY2d 861).

The modern rule with respect to this doctrine has been cogently set forth in *Schwartz v Public Administrator of County of Bronx* (24 NY2d 65, 71): "New York law has now reached the point where there are but two necessary requirements for the invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the

prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling."

Neither party at bar disputes the fact that there is an identity of issue between the severed action and the present one. Thus, the sole question for our consideration is whether plaintiff has had a full and fair opportunity to contest a prior determination so that said prior determination of the amount of damages puts a ceiling on Ohio Gear's liability while leaving open the opportunity of further litigation for the purpose of establishing a lower level of damages.

The burden of establishing the lack of a full and fair opportunity to be heard is upon the opponent of preclusion (*Capital Tel. Co. v Pattersonville Tel. Co.*, 56 NY2d 11, 18). Inasmuch as collateral estoppel is a flexible doctrine which defies rigid or mechanical application (*Schwartz v Public Administrator of County of Bronx, supra*, p 73), the question of whether a party has had a full and fair opportunity to contest a prior determination cannot be reduced to a simple formula. However, the Court of Appeals in *Gilberg v Barbieri* (53 NY2d 285, 292), has provided some guidance with respect to this matter: "Thus we noted in the *Schwartz* case (at p 72) that when collateral estoppel is in issue, the question as to whether a party had a full and fair opportunity to litigate a prior determination, involves a practical inquiry into 'the realities of litigation. A comprehensive list of the various factors which should enter into a determination whether a party has had his day in court would include such considerations as the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in the applicable law and foreseeability of future litigation' (see, also, Restatement, Judgments 2d [Tent Draft No. 3], § 88)" (accord *Ryan v New York Tel. Co.*, 62 NY2d 494, 501).

We are of the view that the "realities of litigation" are such that the presentation of proof on the issue of damages at an inquest at which the defaulting party will generally be absent will rarely be as extensive or complete as that at a trial upon which the issue of damages is contested. In the instant case, plaintiff had little incentive to litigate the matter strenuously since there was a strong indication that defendant Fulton Ice & Cube Co. was judgment proof. Given the relative insignificance of a claim against a judgment proof defendant, plaintiff could not reasonably be expected to prosecute it with the same vigor as

the action against Ohio Gear (see *Mayers v D'Agostino,* 87 AD2d 519, 520, affd 58 NY2d 696).

In order to protect his interests, however meager, plaintiff was required, pursuant to CPLR 3215, to move within one year for entry of a default judgment. The fact that he took such protective measures should not now act to bar him from proving damages against Ohio Gear in excess of the amount awarded at the inquest. Moreover, the inquest, in all likelihood, took place well in advance of the commencement of discovery, at which point evidence bearing on the issue of damages would be made available. Consequently, plaintiff did not have available at the inquest the evidence needed to make out his claim. Furthermore, the fact that there was no opposing party certainly did not encourage him to litigate the claim strenuously.

Moreover, the doctrine of collateral estoppel, which is essentially a rule of justice and fairness, involves the following two underlying rules of public policy: that an issue once tried should not be relitigated between the same parties or their privies and that it, like the doctrine of *res judicata,* must not be allowed to operate so as to deprive a party of an actual opportunity to be heard (*Commissioners of State Ins. Fund v Low,* 3 NY2d 590, 595). Invocation of the doctrine of collateral estoppel in the instant case would not advance the policies of conservation of court resources and the reduction of litigation underlying the doctrine inasmuch as its application here would leave open the possibility of additional litigation for the purpose of establishing a lower level of damages. Clearly, Ohio Gear stands to lose nothing by litigating the issue of damages in the hope of obtaining a lesser verdict than was obtained against the defaulting defendant should a judgment on the issue of liability be entered against Ohio Gear.

The Third Department case of *Page v La Buzzetta* (96 AD2d 694), where a prior judgment of the Court of Claims was held to constitute a ceiling on the plaintiff's potential recovery, does not compel a contrary result. Unlike in the case at bar, the plaintiff in *Page v La Buzzetta* (*supra*), had an ample opportunity to fully litigate the issues of damages against a defendant who was present to oppose the application. Moreover, the State's satisfaction of the judgment therein served to discharge the remaining tort-feasors from liability (see *Goines v Pennsylvania R. R. Co.,* 6 AD2d 531, 533, mot for lv to app dsmd 5 NY2d 1002). In the instant case, the mere possibility, given the scant likelihood of its coming to fruition, that satisfaction of the judgment might be made by Fulton Ice & Cube thereby discharging Ohio Gear from

liability, should not serve to deprive plaintiff of a full and fair opportunity to litigate the issue of damages against Ohio Gear.

Inasmuch as Ohio Gear's attempt to extend the doctrine of collateral estoppel under these circumstances runs afoul of traditional notions of fairness and public policy, justice demands an affirmance of the order of Special Term insofar as appealed from.

GIBBONS, J. P., BRACKEN and LAWRENCE, JJ., concur.

Order of the Supreme Court, Kings County, dated March 4, 1983, affirmed insofar as appealed from, with costs.