OPINION OF THE COURT
Denis R. Hurley, J.
In this support modification proceeding under Family Court Act §§451 and 461, the petitioner Kathleen Lafferty seeks an order of this court modifying upwards the child support provisions of a December 1973 divorce decree entered between the parties, which provisions were adopted and made part of an enforcement order entered in this court on October 18, 1976.
Briefly, the parties were married in New York in 1958, with eight children being born of the union. By divorce decree entered in Suffolk County on December 21, 1973, the respondent was directed to pay $20 per week for each of the eight children, for a total of $160 per week. The petitioner now seeks an increase of the $20 per child, per week figure, alleging, inter alla, the increased needs of the children and the respondent’s improved ability to pay.
*456 At issue in this proceeding is the time from which the required “change in circumstances” is to be measured. The court record of the prior proceedings between the parties (F-2872-76) indicates that orders were made relative to the respondent’s support obligation on March 13,1984, November 16,1983, May 3,1982, April 17, 1981, February 4, 1980, November 21, 1978, and October 18, 1976 (the original enforcement order).
Should the petitioner’s evidence of changed circumstances be limited to matters occurring since the date of the last order, to wit, March 13, 1984 (when the support order was decreased, on consent, because one of the children reached 21 years of age), or should the starting point be the last order which addressed the adequacy of support? In the present case, the last substantive order predates the March 13, 1984 order by a number of years. Consequently, the relief sought by the petitioner hinges on the answer to that question. The court notes that the accepted “rule” in support modification cases is that a party must demonstrate a change in circumstances “since the prior order was made”. (See, e.g., Hansom v Hansom, 75 Misc 2d 3, 8 [Fam Ct, Richmond County 1973]; Matter of Medici v Medici, 53 Misc 2d 826, 827-828 [Fam Ct, Dutchess County 1967].) Clearly, however — although there are no reported cases directly on point — the phrase “prior order” may not be invariably interpreted in its literal sense, that is the last order that was made prior to the current application. In some situations, such an interpretation would limit the demarcation point in calculating a change in circumstances to a time that may have absolutely no bearing on the adequacy of support being paid by the noncustodial parent.
Consider, for example, the record of this proceeding. The last or prior order was made on March 13, 1984. Technically, in a literal sense, the petitioner’s stated change of circumstances should be measured from that date. However, as noted previously, a review of that order reveals that on March 13,1984, the court (pursuant to the respondent’s application which was consented to by the petitioner) merely reduced the support order due to the attainment of majority of two of the eight children. That same result occurred in all but one* of the prior orders, to wit, the deletion of $20 per week from the order, as each child attained majority. Each order was entered on consent upon the respondent’s petition. It appears, therefore, that despite the entry of many “prior orders”, there was no inquiry into the needs of the children or financial status of the parties, nor was there *457 any necessity for such inquiry, considering the limited, essentially ministerial nature of the applications made.
The Court of Appeals has stated in Matter of Brescia v Fitts (56 NY2d 132, 141) that a court may modify child support after: “[cjonsidering both the circumstances as they existed at the time of the prior award and at the time the application is made” (emphasis supplied). We note the significance of the court’s use of the term “award”, as well as its implicit direction that the facts and circumstances extant “at the time” be considered. Indeed, the term “award” suggests that the prior order sought to be modified is an order that was made after judicial inquiry into the needs and requirements of the child, and after consideration of the financial circumstances of the parties. As the commentaries to Family Court Act §451 indicate (Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29-A, § 451, p 341): “A modification or termination may be justified on the basis of a material change in any of the factors relevant to setting the amount of the original award”.
Attention is now directed to the October 18, 1976 order. That order was issued in response to the petitioner’s application for enforcement of the support provisions of the divorce decree, which allegedly had been violated to the extent of $5,520 in arrears.
Query: Should the starting point for measuring changed circumstances be the October 18, 1976 date of that enforcement order, rather than the earlier date of the divorce decree? Unlike the other Family Court orders, the enforcement order was substantive as distinct from ministerial in nature. Was the petitioner obligated to seek an increase then? Failing to do so, did she impliedly ratify the sufficiency of support as of October 1976? Is she therefore precluded from offering any evidence of changed circumstances that predate the enforcement order?
Each of the above questions, in my judgment, must be answered in the negative. One reason for that conclusion is that changed circumstances often are not the result of an abrupt occurrence, such as loss of employment or other dramatic event. It is not unusual for changed circumstances to occur gradually over time. In the instant case, possibly a cause of action for an upward modification did not exist as of October 1976, although some changes in the support variables set forth in Family Court Act § 413 were present. If that was the case, it is nonsensical to claim that pre-October 1976 “changed circumstances” may not be considered with respect to the present application.
But let’s focus attention on the other possibility, i.e., that the petitioner had a viable cause of action for an upward modifica *458 tian in October 1976 but elected not to join that cause of action with her enforcement request. That she could have joined the two causes of action in one proceeding is clear. However, the fact that she did not does not constitute a proper predicate to invoke the doctrines of collateral estoppel or res judicata so as to preclude pre-October 1976 evidence. (See, Matter of Reilly v Reid, 45 NY2d 24, 28-29 [1978] [“In properly seeking to deny a litigant two ‘days in court’, courts must be careful not to deprive him of one * * * Thus, claim preclusion is tempered by recognition that two or more different and distinct claims or causes of action often arise out of a course of dealing between the same parties, even though it is not, except in refined legal analysis, easy to say that a different gravamen is factually involved * * * A party’s choice to litigate two such claims or causes of action separately does not bar his assertion of the second claim or cause of action”]; see also, discussion of collateral estoppel — its rationale and effect — in Baxter v Fulton Ice & Cube Co., 106 AD2d 82 [2d Dept, Jan. 28,1985]; 9 Carmody-Wait 2d, NY Prac § 63:203 [“Test of identity of causes of action * * * If the two actions rest upon different states of facts, or if different proofs would be required to sustain the two actions, a judgment in one is no bar to the maintenance of the other”].)
A juxtapositioning of present facts against the applicable law of “issue preclusion” requires the conclusion that the petitioner’s proof of changed circumstances may not be limited to events postdating October 1976, even if, arguendo, she could have legitimately sought an increase in child support at that time. Enforcement and modification petitions are separate and distinct, both as to the nature of the causes of action and the required proof. An order of enforcement does not, by implication or otherwise, confirm the sufficiency of the child support order which was supposedly violated.
In sum, Family Court Act § 466 (c) (ii) authorizes a Family Court Judge to modify a support order based on a “subsequent change of circumstances”. I conclude that the order to be modified — and from which the claimed “change of circumstances” is to be measured — is the last order in which the sufficiency of the amount of support was addressed specifically or by implication via the doctrine of collateral estoppel or res judicata. In the present case, that order is contained in the divorce decree dated December 21, 1973.
The credible evidence adduced at the hearing indicates that three of the eight children are currently being supported by the respondent at the rate of $20 per week, to wit, Colleen and *459 Marguerite, both age 16 and Robert, now 18. The $20 per week support was ordered over 10 years ago. The petitioner’s current income is limited to the $60 per week which she receives from her two “emancipated” children living with her. The respondent, however, currently earns approximately $35,000 per year as a police officer. At the time of the divorce, he earned approximately $800 per month net.
The petitioner has demonstrated specific increases in the costs of maintaining her three children relative to items such as food, medical care, clothing and household maintenance since the prior order. Considering the respondent’s increased financial ability, the court concludes that an upward modification of child support in the sum of $35 per week per child for a total of $105 per week is warranted. The aforesaid order is retroactive to the date of filing of this petition, to wit, June 13, 1984, making arrears in the sum of $1,655 as of February 27, 1985. Accordingly, the order shall include payment of those arrears at the rate of $10 per week, making the total support order $115 per week. That amount shall be paid through the Suffolk County Support Collection Unit, with the initial $115 payment being due on the first Friday after service upon the respondent of the order to be entered herein. Respondent shall also maintain medical insurance for the three children in accord with his employer’s plan.
Should the respondent fail to comply with this order so that at any given time there are two or more payments outstanding, then a payroll deduction order, pursuant to Personal Property Law § 49-b shall issue.
The disposition department is directed to adopt an order incorporating the above provisions.

 The one nonministerial order was issued on October 18,1976, and will be discussed monetarily.