(September 8, 1987)

■ ROBERT BALLARINE, Respondent, v GETTY OIL CORPORATION, Formerly Known as POWER TEST PETROLEUM DISTRIBUTORS, INC., et al., Appellants.—In an action, *inter alia,* to recover damages for fraud, breach of contract and a violation of the Racketeer Influenced and Corrupt Organizations Act (hereinafter RICO; 18 USC § 1961 *et seq.),* the defendants appeal from (1) stated portions of an order of the Supreme Court, Nassau County (Morrison, J.), dated March 19, 1986, which, *inter alia,* denied in part their motion for summary judgment dismissing the complaint, except that the forty third cause of action was dismissed, and granted, in part, the plaintiff's cross motion for summary judgment to the extent that it determined, as to the first cause of action, that the defendant Getty Oil Corporation was guilty of fraud in the inducement and directed that a hearing be held on the issue of the damages flowing therefrom, (2) so much of an order of the same court (Morrison, J.), dated May 5, 1986, as granted that branch of the plaintiff's cross motion which was for counsel fees, and directed their attorney to pay the sum of $250 to the plaintiff's attorney as reasonable counsel fees, and (3) so much of an order of the same court, entered June 3, 1986, as denied their motion to vacate the award of counsel fees.

Ordered that the order dated March 19, 1986, is modified, on the law, by deleting the provision thereof which denied that branch of the defendants' motion which was for partial summary judgment dismissing the plaintiff's third cause of action alleging violations of RICO, and substituting therefor a provision granting that branch of the motion as so modified, the order dated March 19, 1986, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated May 5, 1986, is reversed insofar as appealed from, on the law, and that branch of the

plaintiff's cross motion which was for an award of counsel fees is denied; and it is further,

Ordered that the appeal from the order dated June 3, 1986, is dismissed as academic, in light of our determination on the appeal from the order dated May 5, 1986; and it is further,

Ordered that the defendants are awarded one bill of costs.

This action concerns a franchise and lease agreement for a certain retail gasoline station entered into by the plaintiff with the defendant Getty Oil Corporation, formerly known as Power Test Petroleum Distributors, Inc. (hereinafter Power Test) in June 1983. The plaintiff obtained financing for the business venture from the defendant Westbury Small Business Corp. (hereinafter WSBC) and executed a promissory note in the face amount of $30,000. In January 1984 the plaintiff returned possession of the gasoline station to Power Test after being unable to successfully run the business. WSBC then commenced an action against the plaintiff to recover the balance due on the promissory note. After a nonjury trial, the Supreme Court, Nassau County (Spatt, J.), determined that Mr. Ballarine's defense of fraud in the inducement stood as a complete bar to WSBC's recovery upon the promissory note. The plaintiff then commenced the present action seeking to recover damages arising from the franchise agreement.

After issue was joined, the defendants moved for summary judgment on various grounds including the claim that the State court lacked subject matter jurisdiction to consider the plaintiff's third cause of action under the Federal RICO statute. The plaintiff cross-moved, *inter alia*, for summary judgment as to the claims based upon fraud, misrepresentation and breach of contract.

In an order dated March 19, 1986, Trial Term granted the defendants' motion in part, to the extent that paragraph "43" of the complaint was dismissed. No issue is raised on this appeal concerning that portion of the order. Trial Term also granted the plaintiff's motion to the extent that it deemed the following issue resolved in the plaintiff's favor: "Getty Oil Corporation formerly known as Power Test Petroleum Distributors, Inc. is guilty of fraudulently inducing plaintiff into entering a franchise and lease agreement by express affirmative misrepresentations and is liable for any damages flowing from such fraud".

The remaining claims were severed and the court stated that the amount of the plaintiff's damages for fraud would be determined at a hearing to be scheduled at the completion of

examinations before trial of the plaintiff and Getty Oil Corporation ordered to take place on April 16, 1986.

The subsequent orders dated May 5, 1986, and June 3, 1986, respectively, arose as a result of problems encountered by the parties in proceeding as scheduled with the court-ordered examinations before trial.

The defendants raise numerous issues on this appeal challenging these orders. With respect to the order dated March 19, 1986, the evidence in the record supports Trial Term's conclusion that the defendant Getty Oil Corporation is guilty of fraudulently inducing the plaintiff to enter into the franchise and lease agreement. Contrary to the defendants' contentions, we find that Getty Oil Corporation had a full and fair opportunity to litigate the identical issue in the prior action and the doctrine of collateral estoppel precludes its relitigation of that issue in this action (see, Gilberg v Barbieri, 53 NY2d 285; cf., Baxter v Fulton Ice & Cube Co., 106 AD2d 82).

However, consistent with our recent decision in the case of Simpson Elec. Corp. v Leucadia, Inc. (130 AD2d 738), we find that the plaintiff's third cause of action alleging a RICO violation must be dismissed on the ground of lack of subject matter jurisdiction because the State courts do not enjoy concurrent jurisdiction with the Federal courts over civil claims brought under that statute. In view of that disposition, we need not address the defendants' further contention that the plaintiff failed to sufficiently plead a valid cause of action thereunder.

Finally, with respect to the sanction imposed against the defendants' attorney, we note that at the time the plaintiff instituted this action, there was neither a statute nor a court rule authorizing the imposition of a monetary sanction as a condition for granting an attorney's request for a delay in discovery proceedings. Accordingly, the award of counsel fees must be set aside (see, Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1; Ltown Ltd. Partnership v Sire Plan, 69 NY2d 670). Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.