Donald J. Pietras, Appellant, v Gol Pak Corporation et al., Respondents.

Fourth Department, November 10, 1987

**APPEARANCES OF COUNSEL**

*William C. Olcott (Armand J. Festine* of counsel), for appellant.

*Kiley, Feldmann, Whalen, Devine & Patane, P. C. (James J. Devine, Jr.,* of counsel), for respondents.

## OPINION OF THE COURT

CALLAHAN, J.

Is a plaintiff who accepts payment from the State in satisfaction of a Court of Claims judgment precluded from proceeding with a pending action in the Supreme Court against a joint tort-feasor to recover punitive damages? Special Term answered this question in the affirmative and granted defendants' motion for summary judgment dismissing plaintiff's amended complaint.

Plaintiff was employed as a truck driver by defendant Gol Pak Corporation, a subsidiary of defendant Hardee's Food Systems, Inc., which operates a meat processing business in the City of Oneida. In January 1980, Gol Pak was concerned about suspected employee thefts of meat products and requested the New York State Police to investigate. On January 23, 1980, at approximately 2:45 A.M., plaintiff was arrested by the State Police, without a warrant, and charged with grand larceny in the second degree (Penal Law § 155.35) upon the complaint of Gol Pak. Specifically, it was alleged that plaintiff had diverted $2,242.86 worth of meat products from a return shipment that was to have been delivered to Gol Pak's Oneida plant. Although plaintiff gave an explanation for the shortage in the meat shipment, the State Police did not conduct any further investigation. Plaintiff was incarcerated until bail in the amount of $5,000 was posted after arraignment. On February 15, 1980, after evidence had been presented to the Madison County Grand Jury, the Grand Jury returned a "no bill".

Thereafter, plaintiff filed a claim against the State of New York in the Court of Claims for false arrest, malicious prosecution and negligence. He also commenced the instant action in the Supreme Court against defendants, asserting similar causes of action for false arrest and malicious prosecution. The claim against the State proceeded to trial in the Court of Claims and resulted in a verdict for the plaintiff in the amount of $25,000 ($23,530 in compensatory damages and $1,470 in special damages).

These defendants then moved to dismiss all causes of action set forth in plaintiff's amended complaint upon the grounds that the award against the State in the Court of Claims collaterally estopped plaintiff from pursuing the action in

Supreme Court against a joint tort-feasor seeking to recover damages based upon the same incident. Special Term concluded that since plaintiff had tried the issue of the quantum of his damages in the action against one of the joint tort-feasors, the State of New York, and the Court of Claims determined that plaintiff had been damaged to the extent of $25,000, the plaintiff could not now relitigate that issue. The court rejected plaintiff's argument that he had not litigated the issue of punitive damages in the Court of Claims because the law does not permit punitive damages to be recovered against the State. Plaintiff appeals from that order maintaining that Special Term improperly applied the doctrine of collateral estoppel in dismissing his punitive damages claim. We agree.

The doctrine of collateral estoppel, a narrower species of res judicata, is a fundamental legal principle which establishes that material facts or questions which were in issue in a former action and judicially determined, are conclusively settled by a judgment therein, and may not be litigated in a subsequent action (9 Carmody-Wait 2d, NY Prac § 63:204). It is based on the notion that it is not fair to permit a party to relitigate an issue which has previously been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point *(Gilberg v Barbieri,* 53 NY2d 285, 292). There can be no quarrel or dispute with this well-established principle. However, in order for the doctrine of collateral estoppel to apply, two requirements must be met. First, there must be an identity of issues which had necessarily been decided in the prior litigation and is decisive of the present action, and second, the party against whom collateral estoppel is asserted must have been afforded a full and fair opportunity to contest the decision now said to be controlling *(Ryan v New York Tel. Co.,* 62 NY2d 494, 500-501; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 71).

Determining whether a party has had a full and fair opportunity to litigate a prior determination involves a practical inquiry into " 'the realities of litigation' " *(Gilberg v Barbieri, supra,* at 292; *Schwartz v Public Adm'r of County of Bronx, supra,* at 72). " 'A comprehensive list of the various factors which should enter into a determination whether a party has had his day in court would include such considerations as the size of the claim, the forum of the prior litigation, the use of initiative, the extent of litigation, the competence and experience of counsel, the availability of new evidence, indications of

a compromise verdict, *differences in the applicable law* and forseeability of future litigation' " *(Gilberg v Barbieri, supra,* at 292; emphasis added; *see also, Ryan v New York Tel. Co., supra,* at 501; *Schwartz v Public Adm'r of County of Bronx, supra,* at 72).

We agree that collateral estoppel precludes relitigation of the quantum of compensatory damages since that issue is identical and common to both actions and was fully and fairly litigated by plaintiff in the Court of Claims *(Page v La Buzzetta,* 96 AD2d 694). However, this principle should not be invoked to deny plaintiff's attempt to litigate the issue of punitive damages when, because of our multiple court system, the case against one joint tort-feasor, the State, is tried in a forum where the law prohibits recovery of punitive damages against the State *(see, Sharapata v Town of Islip,* 56 NY2d 332). Such a result would be unjust and contrary to the underlying fairness of the collateral estoppel doctrine which grants every party a full and fair opportunity to litigate their claim *(see, Schwartz v Public Adm'r of County of Bronx, supra,* at 69).

We recognize that there is no separate cause of action for punitive damages and that punitive damages are but an incident of ordinary damages *(Anderson v WHEC-TV,* 92 AD2d 747, 748). Punitive or exemplary damages, where recoverable and justified, may be awarded in all actions based upon tortious acts which involve ingredients of malice, oppression, insult, wanton or reckless disregard of plaintiff's rights, or other circumstances of aggravation *(Voltz v Blackmar,* 64 NY 440; *see also, Le Mistral v Columbia Broadcasting Sys.,* 61 AD2d 491, 495, *appeal dismissed* 46 NY2d 940). Such damages are awarded to punish the defendant and as an admonition to others *(O'Donnell v K-Mart Corp.,* 100 AD2d 488, 492).

Clearly, plaintiff's cause of action for false arrest/false imprisonment and malicious prosecution would entitle him to make a claim for punitive damages against these defendants in the Supreme Court action *(cf., O'Donnell v K-Mart Corp., supra).* Whether and to what extent plaintiff is entitled to punitive damages is a factual issue to be determined in this pending action *(Palmer v County of Suffolk,* 96 AD2d 836). It is apparent, therefore, that under Special Term's ruling, plaintiff has not been afforded an opportunity to litigate this issue. In our view, it would be improper to invoke the doctrine of collateral estoppel herein to preclude consideration of punitive damages, an issue never addressed nor determined in the

Court of Claims *(cf., O'Connor v State of New York,* 126 AD2d 120).

Defendant's argument that plaintiff's ad damnum clause does not specifically contain a prayer for punitive damages is irrelevant since plaintiff may amend the ad damnum clause of his complaint to include a demand for punitive damages against these defendants *(Beck v General Tire & Rubber Co.,* 98 AD2d 756, *lv dismissed* 63 NY2d 603; *see also,* CPLR 3017 [a]).

Accordingly, the order appealed from is modified by granting plaintiff leave to amend the complaint to assert a claim for punitive or exemplary damages as part of his underlying causes of action *(Laks v Springer,* 101 AD2d 1001), as plaintiff never had a full and fair opportunity to litigate this issue *(cf., Baxter v Fulton Ice & Cube Co.,* 106 AD2d 82).

DILLON, P. J., GREEN, PINE and LAWTON, JJ., concur.

Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with opinion by Callahan, J.