GLORIA B. SMITH et al., Appellants, v COUNTY OF ERIE et al., Respondents. [743 NYS2d 649] —Appeal from that part of an order of Supreme Court, Erie County (Sconiers, J.), entered March 12, 2001, that granted in part defendants' motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs appeal from an order granting defendants' motion for summary judgment dismissing the complaint except insofar as it sought summary judgment dismissing the cause of action for false arrest against two Deputy Sheriffs, defendants Robert Mertens and Kristine Murray. We affirm. Gloria Barkley Smith (plaintiff) was waiting in line to sign in as a visitor at the Erie County Holding Center when an argument broke out concerning whether other visitors were cutting in line. Mertens intervened and, according to plaintiff, grabbed her and threw her to the ground with excessive force. According to Mertens, he grabbed plaintiff's arm because plaintiff was about to strike another visitor, and then Mertens lost his balance and fell to the ground along with plaintiff. Plaintiff was arrested on a charge of disorderly conduct that was later dismissed. Plaintiffs commenced this action asserting causes of action for, inter alia, negligence, false arrest and malicious prosecution.

Plaintiffs contend that Supreme Court erred in dismissing the negligence cause of action against Mertens because appellate courts have upheld jury verdicts finding that defendant peace officers had engaged in the negligent use of force (*see e.g. McCummings v New York City Tr. Auth.*, 81 NY2d 923, 925-927, *rearg denied* 82 NY2d 706, *cert denied* 510 US 991). Contrary to plaintiffs' contention, the fact that in a given case such

a jury verdict may have been upheld does not mandate that the negligence cause of action herein be submitted to a jury. "New York has adopted the prevailing modern view that, once intentional offensive contact has been established, the actor is liable for assault and not negligence, even when the physical injuries may have been inflicted inadvertently" (*Salimbene v Merchants Mut. Ins. Co.*, 217 AD2d 991, 994 [internal quotation marks omitted]; *see also Dropick v Rogers*, 219 AD2d 852; *Kirk v Metropolitan Transp. Auth.*, 2001 WL 258605, *11, 2001 US Dist LEXIS 2786, *33-34 [SD NY, Mar. 14, 2001]; *LaLonde v Bates*, 166 F Supp 2d 713, 719-720). Here, it is undisputed that Mertens intended to "grab" plaintiff, and we conclude that the court properly granted that part of defendants' motion seeking summary judgment dismissing the negligence cause of action against Mertens based on his alleged use of unnecessary force.

The court also properly granted that part of defendants' motion seeking summary judgment dismissing the causes of action against defendants County of Erie, Thomas Higgins, as Sheriff of Erie County, the Erie County Sheriff's Department and Richard C. Canazzi, individually and in his capacity as Deputy Sheriff. Defendants established as a matter of law that the conduct of those defendants alleged in the causes of action against them was not a proximate cause of the injuries alleged in the complaint. Furthermore, those defendants established that they assumed no special duty with respect to plaintiff, and plaintiffs failed to raise an issue of fact whether the conduct of those defendants "actually lulled [plaintiff] into a false sense of security, induced [plaintiff] to either relax her own vigilance or forego other avenues of protection, and thereby placed her in a worse position than she would have been in had they never assumed the duty" (*Clark v Town of Ticonderoga*, 291 AD2d 597, 599).

We further conclude that the court properly dismissed the cause of action for punitive damages. "[T]here is no separate cause of action for punitive damages," inasmuch as "punitive damages are but an incident of ordinary damages" (*Pietras v Gol Pak Corp.*, 131 AD2d 239, 242). Plaintiffs may nevertheless be entitled to punitive damages, based upon a showing of "gross, wanton and willful" conduct as alleged in the remaining portion of the complaint (*Laks v Springer*, 101 AD2d 1001, 1001; *see also Buchwald & Assoc. v Rich*, 281 AD2d 329, 330). Present—Green, J.P., Scudder, Burns and Gorski, JJ.